FILED
CLERK, U.S. DISTRICT COURT

OCT 2 0 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA.,** ) | No. CR 08-0668 CBM |
| **Plaintiff,** ) | |
| ) | **ORDER GRANTING** |
| **v.** ) | **DEFENDANT'S MOTION FOR** |
| ) | **RELIEF FROM MISJOINDER OR,** |
| **LAWRENCE SAKS** ) | **IN THE ALTERNATIVE, FOR** |
| ) | **SEVERANCE OF CLAIMS** |
| **Defendant** ) | |

The matter before the Court[1] is Defendant Lawrence Saks's (hereinafter, "Defendant") Motion for Misjoinder and Severance.  Defendant asks this Court to grant him relief from misjoinder pursuant to Federal Rule of Criminal Procedure 8 or, in the alternative, to sever the counts for trial pursuant to Federal Rule of Criminal Procedure 14.  For the reasons stated below, the Court **GRANTS** Defendant's Motion and severs the counts in the First Superseding Indictment relating to disability insurance fraud from those relating to health insurance fraud.

//

---

[1] The Court previously ruled on this Motion on October 8, 2009, via a Minute Order consistent with this Order. [Docket No. 98].

# BACKGROUND

## I.      Procedural Background

Defendant Lawrence Saks (hereinafter, "Defendant"), a plastic surgeon, faces thirty four (34) counts of criminal misconduct arising out of two schemes taking place September, 2003, and May, 2008, to defraud disability and health insurance companies. [Docket No. 69.]

A twenty one (21) count indictment alleging Defendant's involvement in a criminal scheme to defraud disability insurance companies was filed on June 4, 2008. [Docket No. 1.] A First Superseding Indictment (hereinafter, "FSI") was filed on June 10, 2009, re-alleging the twenty one disability insurance fraud counts and alleging an additional thirteen (13) counts of criminal misconduct relating to a scheme to defraud health insurance companies. [Docket No. 69.]

## II.      The Counts Relating To The Disability Insurance Fraud Scheme

Counts one through sixteen of the FSI pertain to Defendant's alleged disability insurance fraud scheme.

Between September, 2003, and May, 2007, Defendant is alleged to have knowingly, willfully, and with the intent to defraud, devised, participated in and executed a scheme to obtain money from disability insurance companies by means of materially false representations. FSI at ¶ 3. The FSI accuses Defendant of falsely telling his disability insurers that he was disabled and could not work as a plastic surgeon, when in fact he was. Consequently, Defendant received approximately $4 million from his disability insurance providers. *Id.*

Counts one through six charge Defendant with wire fraud pursuant to 18 U.S.C. section 1343 based on Defendant's use of wire communications to transmit allegedly fraudulent documents to disability insurance carriers. *Id.* at ¶ 4.

Counts seven through ten charge Defendant with mail fraud pursuant to 18 U.S.C. section 1341 based on his use of the United Sates Postal Service to transmit fraudulent documents to his disability insurance carriers. *Id.* at ¶ 9.

1   Counts eleven through sixteen charge Defendant with laundering the money
2   the he received from the disability insurance carriers, in violation of 18 U.S.C.
3   section 1956(a)(1)(B). *Id.* at ¶¶ 11, 13.

4   **III.   The Counts Relating To The Health Insurance Fraud Scheme**
5   Counts seventeen through thirty two[2] of the FSI pertain to Defendant's
6   alleged health insurance fraud scheme.

7   Between July 2004, and May, 2004, Defendant is alleged to have
8   knowingly and willfully, and with the intent to defraud, devised, participated in
9   and executed a scheme to obtain money from Blue Cross, United Healthcare,
10  Aetna and Cigna. *Id.* at ¶ 21. The FSI alleges Defendant concealed the cosmetic
11  nature of procedures and surgeries he performed; Defendant falsely claimed
12  procedures were medically necessary and reimbursable. *Id.* at ¶¶ 21 and 22.
13  Consequently, Defendant billed insurance companies approximately $86,984, of
14  which he received $5,902. *Id.*

15  Counts seventeen through twenty charge Defendant with health care fraud
16  pursuant to 18 U.S.C. section 1347, based on Defendant's submission of false
17  claims to Blue Cross, Cigna, Aetna and United Healthcare. *Id.* at ¶ 24.

18  Counts twenty one through twenty five charge Defendant with mail fraud
19  pursuant to 18 section 1341 based on Defendant's use of the United Sates Postal
20  Service to transmit fraudulent documents to Blue Cross, Cigna, Aetna and United
21  Healthcare. *Id.* at ¶ 26.

22  Counts twenty six through twenty nine charge Defendant with submitting
23  false claims for reimbursement to Blue, Cross, Aetna and Cigna, pursuant to 18
24  U.S.C. section 1035.[3] Counts thirty through thirty two allege Defendant

25  ---

[2] In counts thirty three and thirty four the Government requests "criminal forfeiture of any property Defendant
26  acquired in connection with, as a result of, or otherwise traceable to his alleged commission of mail fraud, wire
fraud, money laundering, and/or health care fraud." FSI at ¶¶ 34-39. The Government's request does not arise out
27  of and is not otherwise linked to either the disability insurance fraud scheme or the health insurance fraud scheme.
In deciding this Motion, the Court considers only whether to grant relief from misjoinder or sever the counts
28  alleging disability insurance fraud scheme from those alleging health insurance fraud scheme.
[3] These counts allege Defendant falsely claimed "D.M." and "A.Y." performed procedures they did not actually

1   committed aggravated identity theft, pursuant to 18 U.S.C. section 1028A(a)(1), in
2   submitting these false claims for reimbursement. *Id.* at ¶¶ 31, 32.

3                                   **DISCUSSION**

4        Federal Rules of Criminal Procedure 8 and 14 authorize joinder of counts in
5   an indictment and severance of counts at trial, respectively.  Under either rule, the
6   relief is severance.

7        Defendant argues that the counts relating to the disability insurance fraud
8   scheme and the health insurance fraud scheme were improperly joined pursuant to
9   Federal Rule of Criminal Procedure 8 because the Government failed to allege a
10  "a legally sufficient relationship" between the two schemes.  Motion at p. 9.
11  Alternatively, Defendant argues that if joinder was proper, this Court should
12  nevertheless sever the counts for trial, pursuant to Federal Rule of Criminal
13  Procedure 14, to avoid confusing the jury and unduly prejudicing Defendant.  The
14  Government responds that joinder was proper because the allegations of the two
15  schemes are interrelated and Defendant has not established prejudice warranting
16  severance.  Opp'n at p. 2.

17  **I.      Joinder Pursuant To Federal Rule Of Criminal Procedure 8**

18       First, the Court finds that severance pursuant to Rule 8 is proper because the
19  FSI misjoined the allegations relating to the disability insurance fraud scheme and
20  the health insurance fraud scheme.

21           A.    *Legal Standard*

22       Federal Rule of Criminal Procedure 8 authorizes joinder of separate counts
23  of criminal misconduct in a single indictment.  The "validity of the joinder is
24  determined solely by the allegations in the indictment." *U.S. v. Terry*, 911 F.2d
25  272, 276 (9th Cir. 1990); *see also U.S. v. VonWillie*, 59 F.3d 922, 929 (9th Cir.
26  1995) ("we examine only the allegations in the indictment").

27       Rule 8 requires something more than "thematic" commonality, as in the

28  perform.  FSI at ¶¶ 27-30.

1   offenses derive from the same body of law, to justify joinder. *U.S. v. Jawara*, 474

2   F.3d 565, 572 (9th Cir. 2007) (common ground of "immigration law" between

3   counts charging defendant with document fraud related to his asylum and

4   conspiracy to commit marriage fraud was insufficient to justify joinder). Instead,

5   Rule 8(a) permits joinder if the offense alleged: (1) are of the same or similar

6   character; or (2) are based on the same act or transaction[4]; or (3) are connected

7   with or constitute parts of a common scheme or plan. Fed. R. Crim P. 8(a).

8       Joinder is proper pursuant to the "common scheme or plan" prong of Rule

9   8(a) when the counts "grow out of related transactions . . . Stated another way, we

10  ask whether commission of one of the offenses either depended upon or led to the

11  commission of the other; proof of the one act either constituted or depended upon

12  proof of the other." *Jawara*, 474 F.3d at 572. Thus when one criminal act results

13  "directly from other criminal activity", both offenses may be alleged in the same

14  indictment. *U.S. v. Whitworth*, 856 F.2d 1268, 1277 (9th Cir. 1988).

15      Courts consider the extent to which the allegations of criminal misconduct

16  overlap to determine whether counts are "same of similar" for joinder purposes.

17  Relevant factors include: the temporal overlap between the offenses; the location

18  where the offenses took place; the identity of the victims of each offense; the

19  likelihood the evidence tending to prove each offense will overlap; and whether

20  the elements of the offenses overlap. *See Jawara*, 474 F.3d at 578. No one factor

21  is dispositive. To the contrary, the:

22      weight given to a particular factor will depend on the specific context of the
        case and the allegations in the indictment. But the bottom line is that the
23      similar character of the joined offenses should be ascertainable – either
        readily apparent or reasonable inferred – from the face of the indictment.
24      Courts should not have to engage in inferential gymnastics or resort to
        implausible levels of abstraction to divine similarity.
25

26  *Id.* Where on balance the two offenses are dissimilar, the Court must grant relief

27  from misjoinder and sever the misjoined counts. *See id.* at 569 (misjoinder

28  _____
    [4] The "same act or transaction" basis for joinder may be disposed of because neither party contends, and the Court
    independently rejects the proposition, that the two alleged schemes were "the same act or transaction."

1  because the immigration offenses were "unrelated in nature and purpose, temporal

2  scope, physical location, modes of operation, and key evidence.").

3    B.    *Analysis*

4    Here, as in *Jawara*, the Court finds the offenses charged in the FSI were

5  only topically related and that Defendant is entitled to relief from misjoinder in the

6  form of severance.

7    1.    The Offenses Are Not Part Of A Common Scheme Or Plan

8    First, joinder of the counts was not proper under the "common scheme or

9  plan" prong of Rule 8(a) because the "commission of [the disability insurance

10  scheme] depended upon or led to the commission of the [health insurance

11  scheme]." *See id.* at 572. At most, the Government alleges that during the period

12  of the disability insurance scheme, Defendant "submit[ed] false claims [to health

13  insurance companies] in that other doctors had performed the medical work that

14  [Defendant] had in fact performed." FSI at ¶ 4. This allegation is insufficient to

15  establish the requisite nexus between the two schemes: it invites the Court to

16  conclude, but does not explicitly allege, that Defendant submitted false claims to

17  health insurance providers in order to conceal or otherwise hide the fact that the

18  was working while he was also claiming disability benefits. *Jawara*, 474 F.3d at

19  578. Accordingly, the Court declines the Government's invitation.

20    Moreover, evidence relating to the health insurance scheme is not required

21  to adjudicate the charges relating to the disability insurance scheme. The decision

22  in *Jawara* permits this Court to consider whether "proof of the [disability

23  insurance fraud scheme] either constituted or depended upon proof of the [health

24  insurance fraud scheme]." *Id.* at 572.

25    2.    The Offenses Are Not Same Or Similar

26    Nor are the two schemes "same or similar" according to the factors in

27  *Jawara. See Jawara*, 474 F.3d at 578. Although the two schemes overlapped for

28

1   three years and a few of Defendant's patients[5] may be called to testify as to both

2   schemes, that is where the similarities end.

3       First the Court finds that the fact that these alleged schemes took place in

4   Defendant's medical office is irrelevant and does not militate in favor of joinder.

5   The physical location where the charged offenses took place may be relevant

6   when the crimes are ones that by their very nature implicate several locations or

7   involve the transportation of people and property, such as kidnapping or robbery.

8   Here, the fact that these alleged frauds both involved Defendant's medical office

9   is a neutral factor.

10       Next, the Court finds that the fact that the victims of the two schemes are

11   completely distinct from one another militates against joinder.

12       Lastly, the Court finds that the elements of the crimes alleged are more

13   dissimilar than alike. The only counts common to both schemes are counts seven

14   through ten alleging mail fraud in connection with the disability insurance fraud

15   scheme and counts twenty one through twenty five alleging mail fraud in

16   connection with the health insurance fraud scheme. The fact that both schemes

17   involved mail fraud is not a reason to join the counts for trial; these counts contain

18   fewer essential elements than the counts relating to the health insurance fraud

19   scheme and rely on different proof.

20       Furthermore, although Defendant is specifically charged with health care

21   fraud pursuant to 18 U.S.C. section 1347, he is not charged with violating a statute

22   which makes disability insurance fraud in of itself illegal.

23       After weighing the *Jawara* factors, this Court finds that the counts are not

24   similar in substance and purpose. *See Jawara*, 474 F.3d at 572. The fact that

25

26

27

28

---

[5] The Government represented at the Hearing on this Motion that it intends to call thirteen (13) witnesses who will testify as to both schemes. Of this thirteen, the Court finds that only Defendant's former patients can provide probative testimony of both schemes. A former patient's testimony may be relevant to prove both the disability insurance fraud scheme and the health insurance fraud scheme to the extent that testimony relating to a surgery Defendant performed on a patient may be probative of the type of surgeries Defendant performed during the period he claimed to be disabled and whether that individual patient's insurance was billed for a medically necessary procedure that was in fact cosmetic in nature.

1  these two schemes may be both filed under the header of "insurance fraud" in
2  sufficient to justify joinder. *See id.* Accordingly, joinder was improper and the
3  counts relating to the disability insurance fraud scheme must be severed from the
4  counts related to the health insurance fraud scheme.

5  **II.  Severance Pursuant To Federal Rule Of Criminal Procedure 14**

6  Alternatively, the Court finds that severance of the counts for trial is proper
7  pursuant to Federal Rule of Criminal Procedure 14.

8  A.  *Legal Standard*

9  Whereas Rule 8 focuses on the indictment, Federal Rule of Criminal
10  Procedure 14 focuses on the effect of trying joined counts. Rule 14 gives the court
11  the discretion to order separate trials of counts where the defendant has proved
12  that he will be manifestly prejudiced by trial on the joined counts. *See U.S. v.*
13  *Whitworth*, 856 F.2d at 1278.

14  B.  *Analysis*

15  Defendant is entitled to separate trials because he has established that he
16  will be unduly prejudiced by simultaneous presentation of evidence on all the
17  counts. *See* Fed. R. Crim. P. 14.

18  Defendant identified the prejudice that he will suffer from a joint trial of the
19  disability insurance fraud scheme and the health insurance fraud scheme as the
20  risk the jury may find Defendant guilty by association, in other words if the jury
21  finds Defendant guilty of one scheme, it will inevitably find him guilty of the
22  other, regardless of the proof.

23  Defendant also argues that the disparity in the amounts Defendant allegedly
24  received as a result of his false submissions to insurance providers - $4 million
25  from the disability insurance providers but only $5,902 from the health insurance
26  providers – tends to show that health insurance charges are insignificant and were
27  added to the indictment solely to cast Defendant in a negative light and help
28  secure a conviction on the disability insurance counts.

1    The Court finds that the risk the jury may find Defendant guilty of the

2    disability insurance fraud scheme because of the evidence it may hear on the

3    unrelated health insurance fraud scheme cannot be cured with an appropriate

4    limiting instruction.  Additionally, there is a significant threat that the jury will

5    find Defendant guilty of both schemes because of the evidence it will hear relating

6    to the two different schemes if the two are tried together.  Accordingly, the Court

7    concludes that severance is proper.

8                                    **CONCLUSION**

9         For the foregoing reasons, the Court **GRANTS** Defendant's Motion for

10   Misjoinder and Severance.  Counts One through Sixteen of the First Superseding

11   Indictment are hereby SEVERED from Counts Seventeen through Thirty-Two of

12   the First Superseding Indictment for trial.

13        IT IS SO ORDERED.

14

15   DATED:  October _20_ , 2009        By _____

16                                          CONSUELO B. MARSHALL
                                            UNITED STATES DISTRICT JUDGE
17

18

19

20

21

22

23

24

25

26

27

28

                                         9